CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Perla C. Barbarona

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PERLA C. BARBARONA, | ) | CIVIL NO. _____ |
|---|---|---|
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| HMSHOST CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT

COMES NOW, Plaintiff PERLA C. BARBARONA, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff PERLA C. BARBARONA (hereinafter "BARBARONA") is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant HMSHOST CORPORATION (hereinafter "HMS") is a foreign corporation with a principal place of business in the City and County of Honolulu, State of Hawaii.

3. Plaintiff was hired by Defendant HMS on June 16, 2008.

4. Plaintiff was terminated from employment with Defendant HMS on September 19, 2014, due to her disability, which disability was an injury suffered to both her left and right hand while at her place of employment. Plaintiff's injury was diagnosed as Bilateral Trigger Finger for which Plaintiff underwent surgery.

5. Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission which was dual filed with the Equal Employment Opportunity as case No. 37B-2015-00024.

6. On October 23, 2018, the EEOC issued a Notice of Dismissal and Right To Sue letter, which was received by Plaintiff on or after October 24, 2018. Therefore, Plaintiff has exhausted her administrative remedies.

7. The Charge of Discrimination alleged discrimination due to disability and national origin/ancestry.

## JURISDICTION

8. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990 and Title VII of the Civil Rights Act of 1964, as amended.

9. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on October 23, 2018.

## STATEMENT OF FACTS

10. Plaintiff was hired by Defendant HMS on June 16, 2008.

11. Plaintiff was terminated from employment with Defendant HMS on September 19, 2014, due to her disability, which disability was an injury suffered to both her left and right hand while at her place of employment. Plaintiff's injury was diagnosed as Bilateral Trigger Finger for which Plaintiff underwent surgery.

12. As a result of Plaintiff's injury to both of her hands, Plaintiff became disabled and could no longer lift heavy objects.

13. On September 9, 2014, Plaintiff was denied a reasonable accommodation for her disability. Plaintiff met with Charlene Inouye of Human Resources and was shown a list of vacancies to chose from. Plaintiff chose several positions, but in each case, Plaintiff was told by Ms. Inouye that the position was not available to her because it required the use of both of her hands. Ms. Inouye then told Plaintiff that the company could no longer accommodate her due to business considerations.

14. Plaintiff's co-workers who were not of Plaintiff's ancestry and national origin, received more favorable treatment.

15. Plaintiff was and is fully qualified for her position with Defendant HMS, if given reasonable accommodation.

16. If not for Plaintiff's disability and national origin/ancestry, Plaintiff would not have been denied a reasonable accommodation and been terminated from employment with Defendant HMS.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

17. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

18. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

19. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

20. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

21. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

22. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT I - NATIONAL ORIGIN DISCRIMINATION

23. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

24. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to national origin and based on retaliation for complaining of the discrimination.

25. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

26. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

27. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

28. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

29. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to employment with Defendant HMS with full benefits; and

B.  For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.  For special damages, including back pay, front pay and other expenses; and

D.  For punitive damages; and

E.  For attorney's fees, costs, and interest, including prejudgment interest; and

F.  For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, January 18, 2019.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Perla C. Barbarona